IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Demetric Hayes, | ) | C/A No.: 3:13-1884-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| JP Morgan Chase Bank and | ) | |
| Butler and Hosch, P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Demetric Hayes ("Plaintiff") filed this pro se action against JPMorgan Chase Bank, N.A. ("Chase") and Butler and Hosch, P.A. ("B&H") (collectively "Defendants"). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). This matter comes before the court on Plaintiff's motion to amend [Entry #28] and Defendants' motions to compel [Entry #27, #35].

I.   Factual and Procedural Background

Plaintiff returns to the court in a second attempt to avoid foreclosure of his property, asserting allegations of wrongful foreclosure, fraud, failure to give proper notice to Department of the Veterans' Administration ("VA"), and intentional infliction of emotional distress. [Entry #1-1 at 5–7]. Plaintiff's allegations arise from his contention that Chase did not have the right to bring a foreclosure action against him. *Id.* at ¶¶ 34, 40, 49, 54. Plaintiff requests this court void the state court's order in the underlying state

court foreclosure action, correct any negative credit reporting, and award him $12 million in damages. [Entry #1 at 5].

II.     Discussion

    A.     Plaintiff's Motion to Amend

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff's motion to amend seeks to amend the complaint to add an allegation in Count III, which alleges that Chase failed to give the VA proper notice of the foreclosure action against him. In his original complaint, Plaintiff cited 38 U.S.C. § 1832 for the proposition that "a holder of the note and mortgage shall not give a notice of default or pursue legal proceedings without giving notice to the Veteran's Administration." Plaintiff requests leave to amend his complaint to reference 38 C.F.R. § 36.4317, which is a federal regulation concerning the obligations of loan services to the VA. Plaintiff's proposed amendment to reference the Code of Federal Regulations does not affect the proposition that there is no private of action that would allow Plaintiff to pursue a claim for damages against Chase for failing to provide notice to the VA of a default or foreclosure. The statute Plaintiff references, 38 C.F.R. § 36.4317, provides "Servicer Reporting Requirements," and relates to the guarantee by the VA of certain loans made to veterans. 38 U.S.C. § 3703. Neither of these sections provides a private cause of action

for a borrower to allege damages for a servicer's failure to make the required reporting under this statute. Instead, a servicer's failure to report as required under federal regulations affects the servicer's or lender's ability to make a claim to the VA in the event of a borrower's default. As a result, Plaintiff's proposed amendments do not affect the merits of his claims against Defendants, and his amendment would be futile.

Aside from the futility of the motion, the undersigned notes that it was filed a month after the deadline to amend the pleadings expired, and is, therefore, untimely. Further, Plaintiff's proposed amendment would be prejudicial to Defendants, because the claims he seeks to assert would delay a ruling on the claims against them. For the foregoing reasons, Plaintiff's motion to amend is denied.

B.     Defendants' Motions to Compel

In their motions to compel, Defendants seek orders compelling Plaintiff to provide full and complete responses to their interrogatories and requests for production. The motions attach copies of Plaintiff's responses to the questions raised, and they demonstrate Plaintiff's failure to properly respond to the discovery requests. Plaintiff objected to the majority of the discovery requests, claiming they are overly broad, privileged, invade his privacy, and are overly burdensome and beyond the scope of Fed. R. Civ. P. 26(b)(l) and 33(a)(2). The court's review of the requested material reveals that the information is discoverable pursuant to Fed. R. Civ. P. 26(b)(l), which provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of

3

any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(l).

The court grants Defendants' motions to compel. However, in light of the undersigned's Report and Recommendation issued today that recommends this case be dismissed on its merits, the court has suspended the discovery and dispositive motions deadlines pending the district judge's ruling on the motion to dismiss. In the event this case survives the pending motion to dismiss, Plaintiff is directed to provide the requested discovery responses to Defendants no later than fourteen days after the district judge's order on the motion to dismiss. Plaintiff's failure to comply with this order may result in sanctions, including dismissal of this case for failure to prosecute and/or assessment of costs and attorneys' fees for Plaintiff's failure to cooperate in discovery.

III.  Conclusion

For the foregoing reasons, the court denies Plaintiff's motion to amend [Entry #28] and grants Defendants' motions to compel [Entry #27, #35].

IT IS SO ORDERED.

July 8, 2014                                  Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge