IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Demetric Hayes, ) | C/A No.: 3:13-1884-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JP Morgan Chase Bank and ) | |
| Butler and Hosch, P.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This civil foreclosure action comes before the court on the motion to dismiss [Entry #22] filed by JPMorgan Chase Bank, N.A. ("Chase") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h). Pro se plaintiff Demetric Hayes ("Hayes") filed a timely response to the motion [Entry #28] and this matter is now ripe for disposition. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), this case was been referred to the undersigned for all pretrial proceedings. For the reasons that follow, it is recommended that the court grant the motion to dismiss.

I.    Factual and Procedural Background

Plaintiff is familiar to this court, having previously improperly removed the foreclosure action *JPMorgan Chase Bank, N.A. v. Demetric Hayes*, Lexington County Common Pleas Case No. 2010-CP-32-00669 (the "Foreclosure Action") filed February 16, 2010, to this court in C/A No. 3:13-cv-00731-JFA-SVH ("Removal Case"). One month after the court remanded the action to the Lexington County Court of Common Pleas,

1

Plaintiff filed the instant action, alleging Chase is wrongfully foreclosing on his property located in Lexington County (the "Property"), asserting allegations of "wrongful foreclosure," fraud, "failure to give proper notice to Department of the Veterans' Administration," and intentional infliction of emotional distress ("IIED"). [Entry #1-1 at 5–7]. Plaintiff's allegations arise from his contention that Chase does not have the right to bring the Foreclosure Action. *Id.* at ¶¶ 34, 40, 49, 54. Plaintiff requests this court void the Master's Order in the Foreclosure Action, correct any negative credit reporting, and award him $12 million in damages. [Entry #1 at 5].

I.     Factual and Procedural Background

The undersigned issued a Report and Recommendation on April 26, 2013, recommending that the Foreclosure Action be remanded to the South Carolina state court. [Entry #13 in the Removal Case]. The Honorable Joseph F. Anderson, Jr. accepted the Report and Recommendation on June 3, 2013, and the matter was remanded to state court. [Entry #19 in the Removal Case].

This case attempts to bring causes of actions against Chase and the law firm that handled the foreclosure, surrounding what appears to be the same set of facts as those at issue in the Foreclosure Action.

For the reasons that follow, it is recommended that the court grant the motion to dismiss.

II.     Discussion

    1.     Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    2.     Analysis

In its motion, Chase seeks dismissal of this case based on (1) the *Younger* abstention doctrine, (2) the *Colorado River* doctrine, (3) the Anti-Injunction Act, and (4) Plaintiff's general failure to state a claim under Fed. R. Civ. P. 12(b)(6).

    a.     The *Younger* Abstention Doctrine

Chase argues that the court should abstain from exercising jurisdiction because of the *Younger* abstention doctrine. In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme

Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster,* 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has extended the *Younger* doctrine to also apply to "'noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. Va.,* 396 F.3d 348, 351 (4th Cir. 2005) (quoting *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). From *Younger* and its progeny, the United States Supreme Court has established that abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n,* 457 U.S. at 432)).

Applying these factors to this case, abstention is appropriate. First, the Foreclosure Action was commenced on February 16, 2010, and therefore had been pending over three and half years when Plaintiff commenced this action. Plaintiff has alleged the same facts and asserted the same claims in both cases, all alleging that he was not properly served with the complaint in the Foreclosure Action, that Chase does not have standing to foreclose, and that Chase has not followed the proper state procedures for foreclosure. (*Compare* Entry #1-1 at 2–5, with Plaintiff's Motion to Dismiss filed in the RemovalAction [Entry #5] and Hayes' Rule 60(b)(3) Motion filed in the Foreclosure Action (Exh. 8).). Because

his claims in this federal action are the same as the claims he has made at hearings and in motions in the Foreclosure Action, the proceedings are parallel.

Courts in this district have recognized that "there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state." *Dennis v. HSBC Mortg. Services., Inc*., No. 0:10-2693-MJP-PJG, 2011 U.S. Dist. LEXIS 98616, at *7 (D.S.C. Aug. 11, 2011) (citing *Shaffer v. Heitner,* 433 U.S. 186, 207–208, (1977) (recognizing a "state's strong interest in assuring the marketability of property within its borders and in providing the resolution of disputes about possession of that property")).

The *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims.

b.  The *Colorado River* Doctrine

Chase argues that the court should abstain from exercising jurisdiction because this case duplicates the Foreclosure Action, a contemporaneous state proceeding. The undersigned agrees.  Under the *Colorado River* abstention doctrine,[1] a district court may abstain from exercising jurisdiction "in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings, and wise judicial administration, giving regard to conservation of judicial resources, and comprehensive disposition of litigation clearly favors abstention." *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340–41

---

[1] This abstention doctrine was first recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

5

(2002) (internal citation and quotation marks omitted).

The Supreme Court has "declined to prescribe a hard and fast rule" for determining whether *Colorado River* abstention is appropriate. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). As a threshold matter, the court must determine "whether there are parallel federal and state suits." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir. 2006). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005).

If parallel suits exist, the court "must carefully balance" six factors: (1) "whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others," (2) the relative convenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which state and federal courts obtained jurisdiction, and the progress achieved in each action, (5) the presence of federal-law issues, and (6) whether the state forum would adequately protect the parties' interests. *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463–64 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15–16, 24–27). "No one factor is necessarily determinative," and the court's decision must not "rest on a mechanical checklist." *Colo. River Water Conservation Dist.*, 424 U.S. at 818–19. Instead, the court applies the factors in "a pragmatic, flexible manner with a view to the realities of the case at hand," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 13, taking into account "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise," *Colo. River*

*Water Conservation Dist.*, 424 U.S. at 818.

        1.      Parallel Proceedings

Plaintiff's complaint appears to assert claims against the same principal party—Chase—and Butler & Hosch, PA—the law firm that handled the Foreclosure Action. Because the Foreclosure Action and this action have essentially the same parties, factual assertions, and legal claims, the undersigned finds that the proceedings are parallel and proceeds to the second step in the abstention analysis.

        2.      Balance of Factors

The undersigned finds on balance and taking "a pragmatic, flexible" approach to "the realities of the case at hand," *see Moses H. Cone Mem'l Hosp.*, 460 U.S. at 13, that the balance of factors counsel abstention.

The first factor is inapplicable: the subject matter of the litigation does not involve property "where the first court may assume in rem jurisdiction to the exclusion of others." *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463.

The second factor weighs in favor of abstention: the federal forum is inconvenient "not because of distance, as in *Colorado River*, but because of the stage of development of the state action[ ]." The parties have already extensively litigated in Richland County and were on the eve of a judicial sale when this action was filed. "To repeat discovery in this case would be the exact waste of judicial effort sought to be avoided by the *Colorado River* doctrine." *Brandenburg*, 660 F.Supp. at 735.

The third factor of avoiding piecemeal litigation also supports abstention:

7

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co.*, 286 F.3d 737, 744 (4th Cir. 2002) (internal citation and quotation marks omitted).

The fourth factor—the order in which the courts obtained jurisdiction and the progress achieved in each action—supports abstention. The Foreclosure Action was filed in state court several years ago, removed to federal court, and remanded. In this court, the parties have litigated only the questions of dismissal and abstention since the filing of this action in July 2013. "Plainly, this disparate progression of the cases weighs in favor of abstention." *Matiyasic v. Access Controls, Inc.*, 991 F.2d 790 (table), 1993 WL 100054, at *2 (4th Cir. Apr. 6, 1993) (per curiam) ("[o]ver six months of discovery followed services of process in the state proceeding, while the federal action remained dormant"). *Md. Reclamation Assocs., Inc. v. Harford County*, Case No. HAR–93–1291, 1993 WL 460835, at *5 (D.Md. Oct. 27, 1993) (abstention warranted, partly because "substantial time and resources have already been expended in the earlier-filed state action, and the state and federal actions involve the same events").

Also supporting abstention is the fifth factor—whether state or federal law provides the rule of decision on the merits. All of Plaintiff's claims sound in state law: foreclosure, fraud, and for IIED. The lack of a question of federal law "points forcefully toward abstention." *Automated Sys. & Programming, Inc.*, 176 F.Supp.2d 458, 463 (D.Md. 2001); *see Beck v. CKD Praha Holding, A.S.*, 999 F.Supp. 652, 657 (D.Md. 1998) (abstaining because, inter alia, "state, not federal law govern[ed] all aspects of Plaintiffs' claims,

8

giving the state court a substantially greater interest in adjudicating this controversy").

Finally, the last factor supports abstention, as the state proceedings are adequate to protect the parties' rights. This litigation involves only state law claims, which are "distinctly tied to the State" of South Carolina. *Covance Labs., Inc. v. Orantes*, 338 F.Supp.2d 613, 619 (D.Md. 2004); *see also Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, C/A No. DKC 10-1704, 2010 WL 4449444, at *7 (D.Md. Nov. 4, 2010) (state court was an adequate forum because it was "fully capable of providing relief to either party").

In sum, the undersigned finds that this litigation presents the rare, exceptional circumstance when wise judicial administration counsels abstention. *See Vulcan Chem. Techs., Inc.*, 297 F.3d at 340–41.

   c.  The Anti-Injunction Act

To the extent Plaintiff asks for injunctive relief in the form of a court order staying the Foreclosure Action, this request is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which speaks to the ability of the United States to stay state court proceedings. The act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977)

(plurality opinion).   None of these exceptions applies here.

Further, Plaintiff's request to declare the mortgage and note unenforceable runs afoul of the abstention jurisprudence. The Supreme Court has stated that "even if a declaratory judgment is not used as a basis for actually issuing an injunction, declaratory relief alone has virtually the same practical impact as a formal injunction would." *Samuels v. Mackell,* 401 U.S. 66, 73 (1971). The Fourth Circuit has likewise held that where the Anti-Injunction Act bars an injunction it "also bars the issuance of a declaratory judgment that would have the same effect as an injunction." *Denny's, Inc. v. Cake*, 364 F.3d 521, 528 (4th Cir. 2004) (internal quotation marks and citations omitted). This is the case here: Plaintiff's request for a declaration that the mortgage and note are unenforceable preempts the foreclosure and has "the same effect" as his request for an injunction to prevent foreclosure; both "result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." *Samuels*, 401 U.S. at 72.

        d.       Failure to State a Claim

              1.       Res Judicata bar

Chase argues that the court should dismiss Plaintiff's claims for wrongful foreclosure, fraud, and failure to give notice to the Veterans' Administration because these claims are barred by the doctrine of res judicata. These are all compulsory counterclaims that should have been brought, if at all, in the underlying Foreclosure Action, as they are

claims that arise out of the transaction or occurrence that is the subject matter of the foreclosure. *See* Rule 13(a), SCRCP.

Res judicata precludes the assertion of a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.,* 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008)).

For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits. *Martin v. Am. Bancorp. Ret. Plan,* 407 F.3d 643, 650 (4th Cir. 2005). The doctrine of res judicata "bar[s] claims that were raised and fully litigated," and "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors v. E. Auto Distrib.,* 892 F.2d 355, 359 (4th Cir. 1989) (internal citations omitted).

The state court entered an order dated July 30, 2010, ruling that Chase Home Finance LLC was the owner and holder of the note and mortgage. [Entry #22-4 at ¶ 11]. The state court further held that because Chase, is the successor by merger to Chase Home Finance LLC, it is the proper plaintiff in the Foreclosure Action, and Chase was substituted for Chase Home Finance LLC by order filed on May 16, 2012. [Entry #22-2 at 1]. The state

11

court determined that Chase complied with all requirements in order to foreclose on the Property and that Chase is entitled to sell the Property. [Entry #22-4, 22-5, 22-7].

In light of the well-developed record in this case reflecting a final judgment on the merits in the Foreclosure Action, with an identity of the cause of action and of parties or their privies in the two suits, the undersigned recommends a finding that res judicata bars Plaintiff's claims for wrongful foreclosure, fraud, and failure to give notice to the Veterans' Administration.

2. No private right of action for lack of VA notice

Independently, the undersigned agrees with Chase that there exists no private right of action for Chase's alleged failure to give notice to the Veterans' Administration of the foreclosure, as he alleges in his complaint. [Entry #1-1 at ¶ 49]. Plaintiff cites to 38 U.S.C. § 1832, which not concern notices of foreclosure to the Veterans' Administration. Plaintiff's failure to cite any state or federal law or contract that would entitle him to a private cause of action for damages against Chase for its alleged failure to give the Veterans' Administration notice of the Foreclosure Action. Therefore, the undersigned recommends the court dismiss this count.

3. No facts supporting IIED claim

Chase seeks to dismiss Plaintiff's IIED claim for failure to state a claim. To state a claim for IIED, a plaintiff must show (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Bergstrom v. Palmetto Health Alliance*, 596 S.E.2d 42, 48 (2004) (citations omitted).

Plaintiff does not allege any fact other than the commencement of the Foreclosure Action in support of his IIED claim. Such an allegation falls far short of the standard to state a cause of action for IIED. Therefore, this claim should be dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant the motion to dismiss. [Entry #22].

IT IS SO RECOMMENDED.

July 8, 2014                                                   Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).